UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN KEITH STANLEY,<br><br>                Plaintiff,<br><br>v.<br><br>C.O. CARRERO,<br><br>                Defendant. | Civil No. 3:24-cv-1917 (MPS) |

**ORDER**

Plaintiff Steven Keith Stanley, an inmate in the custody of the Department of Correction at Carl Robinson Correctional Institution, filed this civil rights complaint against Correction Officer Carrero for an alleged assault on May 31, 2022. Compl., ECF No. 1.

Plaintiff has filed a motion to proceed *in forma pauperis* to commence this action without pre-paying the Court's filing fee. *See* Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Upon review, the Court concludes that Plaintiff's motion to proceed *in forma pauperis* must be denied.

**DISCUSSION**

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Prior to filing this lawsuit, Plaintiff accrued three strikes under § 1915(g). *See* S*tanley v. Macierowski*, 3:24cv1219 (MPS); *Stanley v. East Hartford*, 3:23cv1273 (OAW); *Stanley v. Taylor*, 3:15cv1722 (VLB).

Because the three strikes provision applies in this case, Plaintiff may not bring this action without paying the filing fee absent allegations of "imminent danger of serious physical injury." *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009). "[T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Id.* at 298. Whether such a nexus exists depends on whether (1) "the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to the unlawful conduct asserted in the complaint," and (2) "a favorable judicial outcome would redress that injury." *Id.* at 298-99. In addition, the danger of imminent harm must be present at the time the prisoner files his or her complaint. *See id.* at 296; *Akassy v. Hardy*, 887 F.3d 91, 96–97 (2d Cir. 2018).

Thus, the Court reviews the allegations in the complaint to consider whether the imminent danger exception applies. *See Abreu v. Farley*, 415 F. Supp. 3d 342, 345 (W.D.N.Y. 2019). Plaintiff alleges that Correction Officer Carrero subjected him to a harsh assault on May 31, 2022. Compl. at 1-4. But no allegations suggest that Plaintiff is subject to imminent danger of serious physical injury fairly traceable to Officer Carrero's alleged conduct on May 31, 2022. Thus, Plaintiff is not entitled to proceed *in forma pauperis* because he is not "under imminent danger of serious physical injury" within the meaning of section 1915(g). Plaintiff's motion to proceed *in forma pauperis* must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed in forma pauperis, **ECF No. 2**, is **DENIED.** If Plaintiff wishes to proceed with this case, Plaintiff must pay the Court's filing fee **on or before February 28, 2025.** Failure to do so will result in dismissal of this action.

All further proceedings in the matter shall be held in abeyance until February 28, 2025, pending Plaintiff's delivery of the filing fee in the amount of $405.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Blvd., Bridgeport, Connecticut, 06604.

                                              /s/
                                       Michael P. Shea
                                       United States District Judge

**SO ORDERED** this 14th day of February 2025, at Hartford, Connecticut.